UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X   CASE NO.:

NATASHA GREGG, an individual, on behalf
of herself and all others similarly situated,

Plaintiff

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 1 2 2011 ★
BROOKLYN OFFICE

**CV 11 - 3333**

-against-

ARS NATIONAL SERVICES, INC., d/b/a
ASSOCIATED RECOVERY SYSTEMS

Defendant

**COMPLAINT-CLASS ACTION**

VITALIANO, J.

POHORELSKY, M.J.

**SUMMONS ISSUED**

------------------------------------------------X

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint

against the Defendant ARS NATIONAL SERVICES, INC. d/b/a ASSOCIATED RECOVERY

SYSTEMS, alleges as follows:

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer and on behalf

of a class for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692,

*et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and

unfair practices.

## II. JURISDICTION

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. §

1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and

transactions that give rise to this action occurred in substantial part in this district.

## III. ALLEGATIONS AS TO PARTIES

3.     Plaintiff, Natasha Gregg, ("Ms. Gregg") is a natural person residing in Queens County,

New York.

4. Upon information and belief Defendant ARS National Services, Inc. d/b/a Associated Recovery Systems ("ARS") is a foreign business corporation with its principal executive office located in Escondido, California.

5. Upon information and belief Defendant ARS is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in Queens County, New York.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

7. Ms. Gregg is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

8. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

9. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff re-alleges paragraphs one (1) through nine (9) as fully restated herein.

11. On or about February 9, 2011, Defendant sent or caused to be sent to Ms. Gregg written correspondence, more commonly known in the collection industry as a "dunning letter," for the purpose of collecting monies purportedly owed by Plaintiff ("Collection Communication").

12. A true and correct copy of the Collection Communication is attached hereto and incorporated by reference as Exhibit "A".

13. Said letter was Defendant's first communication to Plaintiff.

14. Plaintiff received said letter.

15. Said letter does not contain a validation notice as required by the FDCPA and its initial written communication with a consumer yet other language in said letter overshadows the consumer rights as per the FDCPA.

## V. PRACTICES OF DEFENDANT

16. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to assume the debt is valid.

17. Said letter(s) violates the consumers rights in that it and assumes the validity of the debt.

18. Upon information and belief, said letters are computer generated by the Defendant and disregard the 30 day dispute period provided to the consumer by law persisting with deceptive language, false statements and threats of legal action that can not legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

19. That said letters alone are or together contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers' rights.

20. That the Defendant intentionally and knowingly and/or carelessly and recklessly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts.

21. Defendant conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (g), (e), and (f) in the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

22. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## COUNT I

## Violation Of § 1692g

## Failure To Provide a Validation Notice

23. Plaintiff adopts and realleges the foregoing.

24. Section 1692g of the FDCPA requires that, within 5 days of Defendant ARS's first communication to a consumer, it must provide consumers with an effective 30 day validation notice.

25. Defendant ARS's February 9, 2011 form collection letter (Exhibit A), was its first communication with Ms. Gregg. The February 9, 2011 form collection letter (Exhibit A) fails to indicate the 30 day dispute period provided to the consumer by law.

26. Defendant also failed to provide Plaintiff with an effective 30 day validation notice within 5 days of their initial communication.

27. Defendant ARS's form letter (Exhibit A), thus violates § 1692g of the FDCPA.

## VI. CLASS ALLEGATIONS

28. The first cause of action is brought on behalf of Plaintiff and the members of a class.

29. The class consists of consumers who received the same for letter, as did the Plaintiff.

30. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about February 9, 2011 and subsequent "undated" letters, (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal

service as undelivered, (d) and that the letter contained violation of 15 U.S.C. § 1692(e) by engaging in false threats of legal action and deceptive practices 1692(g) for contradicting and confusing the consumer as to his/her rights, 1692(e) for making false and deceptive statements and threatening action that can not legally be taken or is not actually intended to be taken, and 1692(f) for conducting unfair practices to attempt to collect a debt by means of duress and coercion.

31. Plaintiff's claims are typical of the claims of the Class. Common questions of law of fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to adjudication, or substantially impair or impede their ability to protect their interests. Defendant ARS has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

33. Plaintiff Gregg will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class and will be established by common proof. Moreover, Plaintiff Gregg has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

34. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a. Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

    b. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class member. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

    c. The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    d. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    e. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

35. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37. Collection letters, such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## VII. ALLEGATIONS OF LAW

38. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: (g), (e), (d), and (f)

    i.  Defendant violated 15 U.S.C. § 1692(f) by employing unfair tactics in attempt to collect a debt;

    ii.  Defendant violated 15 U.S.C. § 1692(e) by using false representations and deceptive means in an attempt to collect a debt;

    iii.  Defendant violated 15 U.S.C. § 1692(g) by contradicting plaintiff's rights;

    iv.  Defendant violated 15 U.S.C. § 1692(d) by harassing the consumer.

**WHEREFORE**, Plaintiff, Natasha Gregg, an individual requests that judgment be entered in his favor and favor of the class against the Defendant, ARS National Services, Inc., d/b/a Associated Recovery Systems for:

    A.  Declaratory judgment that the above-described conduct of Defendants violates the Fair Debt Collection Practices Act;

    B.  Statutory damages pursuant to 15 U.S.C. § 1692k in the amount to be determined at the time of trial of behalf of the class of the first cause of action;

**Exhibit A**

Department # 5996
P.O. Box 1259
Oaks, PA 19456



**ASSOCIATED RECOVERY SYSTEMS**
DIVISION OF ARS NATIONAL SERVICES, INC.
P.O. BOX 469046
ESCONDIDO, CA 92046-9046
(800) 392-6003  FAX: (866) 422-0765
**www.PayARS.com**

February 9, 2011

New York City License: 1020790

15079 - 1266

NATASHA GREGG
25420 147TH AVE
ROSEDALE NY 11422-2548

00137

**ACCOUNT IDENTIFICATION**
Re: LVNV FUNDING LLC
Account: 5490353492099535
ARS Acct No: 22091138
Balance: $19271.30

**TAX SEASON OFFER**
**Take advantage of your tax refund and pay off your debt once and for all!**

LVNV FUNDING LLC has retained Associated Recovery Systems to collect your past due account. Your current balance due is $19271.30. We are committed to helping you resolve this debt once and for all. Contact us immediately so we can stop further collection efforts and interest that may continue to accrue on your account until we hear from you. We look forward to assisting you.

To aid with your payment, Associated Recovery Systems offers the following payment options:

    "Quick Check" by phone, call us at (800) 392-6003,
    Western Union "Quick Collect" (Code City: Happy Valley, CA),
    Or MoneyGram "Express Payment" (Receive Code: 3935).

Please contact this office at (800) 392-6003. Our office hours are Monday through Friday, 8:30 a.m. - 8:30 p.m (Eastern Time).

Sincerely,

DOUG HATCH EXT.4079
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

-------------------------------------------------Detach And Return With Payment-----------------------------------------------

BAL - 22091138
Account:   5490353492099535

Amount Enclosed: $_____

Enclosing this coupon with your payment will
expedite credit to your account.

**NOTICE OF ELECTRONIC CHECK PROCESSING:**
We reserve the right to process checks electronically by transmitting the routing, account, and check number to the bank. By submitting a check, you authorize us to initiate an electronic debit from your account. A returned check may be collected electronically if it is returned for insufficient funds.

Print address/phone changes below
or call (800) 392-6003.

_____
_____
HOME:(___)_____
WORK:(___)_____

Make your check or money order payable to:

ASSOCIATED RECOVERY SYSTEMS
PO BOX 469099
ESCONDIDO, CA 92046-9099

BAL

15079 - 1266

C.      Actual damages and treble damages pursuant to 15 U.S.C. § 1692k, and an amount to be determined at the time of trial on behalf of the class on the first cause of action;

D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

E.      Such other and further relief as the Court may deem just and equitable.

Dated: New York, NY
        July 11, 2011

Law Offices of Abel L. Pierre
Attorney at Law, P.C.
Attorney for Plaintiff
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: (212) 766-3323
Fax: (212) 766-3322

Plaintiff requests trial by jury an all issues so triable.

Abel L. Pierre